UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 5:19-CR-25 |
| | § | |
| VINCENT MARCHETTI JR. | § | |

## SUPPLEMENT TO DEFENDANT VINCENT MARCHETTI, JR.'S
## MOTION FOR JUDGMENT OF ACQUITTAL

COMES NOW, Defendant Vincent Marchetti, Jr,. ("Mr. Marchetti"), Defendant in the above-captioned cause, by and through his attorneys of record, and files this Supplement to Mr. Marchetti's Motion for Judgment of Acquittal (Dkt. No. 612) to bring to this Honorable Court's attention the Fifth Circuit's *instructive* decision in *United States v. Nora*, 988 F.3d 823 (5th Cir. 2021) interpreting the *mens rea* element of willfulness for a violation of the Anti-Kickback Statute.

Conspiracy to violate the Anti-Kickback Statute ("AKS") has two intent elements—intent to further the unlawful purpose, and the level of intent required for proving the underlying substantive offense. *United States v. Brooks*, 681 F.3d 678, 699 (5th Cir. 2012). With respect to the level of intent required for proving the underlying substantive offense (AKS), the level of intent required is *willfulness* which "means that the act was committed voluntarily and purposely ***with  the specific intent to do something the law forbids***; that is to say, ***with bad purpose either to disobey or disregard the law***." *United States v. Davis,* 132 F.3d 1092, 1094 (5th Cir. 1998) (*quoting United States v. Garcia*, 762 F.2d 1222, 1224 (5th Cir. 1985); *see also United States v. Ricard*, 922 F.3d 639, 647 (5th Cir. 2019); *United States v. Nora,* 988 F.3d 823, 830 (5th Cir. 2021) (reversing conviction under AKS for failure to demonstrate willfulness at trial when the government failed to establish defendant knew "referral payments constituted illegal kickbacks.").

Moreover, in *Nora*, the Fifth Circuit reversed a AKS conviction and vacated a sentence

because the government did not establish that defendant acted willfully—that is, that he "*knew that [his employer's] referral payments constituted illegal kickbacks*." *Nora*, 988 F.3d at 834 (emphasis added). The defendant argued that he did not act willfully because "while he may have understood [his employer] was making referral payments for new patients, there was no evidence at trial that proved that he knew the referral payments constituted unlawful kickbacks." *Id.* at 831. After reviewing the record, including defendant's referral payments, proximity to the fraud, and contributions to ghosting, the Fifth Circuit determined that the government failed to prove willfulness. *Id.* at 832. Specifically, the Fifth Circuit concluded the evidence against defendant was insufficient to prove that he ***knew* the "referral payments constituted illegal kickbacks**." *Id.* at 834 (emphasis added).

Based on the Fifth Circuit's decision in *Nora*, in order to prove that Mr. Marchetti acted willfully, the Government was required to prove that Mr. Marchetti *knew* that receiving percentage-based compensation for marketing and advertising services constituted illegal remunerations. *Id.* at 830. In other words, to prove that Mr. Marchetti acted willfully, the Government was required to prove that he purposefully received percentage-based compensation for marketing and advertising services knowing that such payments were illegal remunerations. *Id.* at 834. The Government has failed to do so.

Indeed, the record is devoid of such evidence. Dkt. No. 612 at p. 3-15. As detailed in the Motion for Judgment of Acquittal, there is no evidence in the record that is sufficient to establish willfulness, that is, that Mr. Marchetti *knew* that receiving percentage-based compensation derived from federal health care programs for providing marketing and advertising services were illegal remunerations. *Id.* Nor is the testimony of Nicolas Arroyo, Sean Parrish, and Phillip Lamb regarding Vantari's change from percentage-based compensation to activity-based compensation

2

sufficient to satisfy the Government's heavy burden. Instead, their testimonies prove the contrary

and are insufficient to prove beyond a reasonable doubt that Mr. Marchetti *knew* the percentage-

based compensation he received for marketing and advertising services were unlawful kickbacks.

- **Nicholas Arroyo**: Mr. Arroyo testified that that the percentage based contract was changed to an activity based contract for compliance reasons, but he never once indicated the previous method of paying 1099 sales force was unlawful and more importantly, testified that he could not recall providing any document to Mr. Marchetti stating that percentage based arrangement to compensate 1099 sales and marketing representatives was unlawful.

- **Sean Parrish**: Mr. Parrish testified that the percentage based contract was changed to an activity based contract for compliance reasons, but he never indicated that he had any conversation or concerns with Mr. Marchetti about the contract compensation structure or agreement to pay anyone to refer genetic tests or to arrange genetic tests to be performed by Vantari.

- **Philip Lamb**: Mr. Lamb testified that he had concerns (based on his review of the Advisory Opinion 98-1) that motivated him to change the compensation structure for 1099 sales force in August 2014. However, he testified he did not share any of his concerns with Mr. Marchetti regarding the percentage of collections compensation structure. (*Transcript, Lamb testimony, pages 196-199*) The only concerns he shared with Mr. Marchetti were in regards to converting from a 1099 compensation model to a W-2 in October of 2015.  He did not meet Mr. Marchetti in 2014. (*Transcript, Lamb testimony, pages 87-89, 96*). At the time of Lamb's conversation with Marchetti in October 2015, Marchetti did not agree with Lamb's position regarding a percentage-based compensation model not being complaint with regulations. (*Transcript, Lamb testimony, pages 96-100*).

Simply stated, the evidence is deficient and the Government has failed to prove Mr. Marchetti

acted "willfully" because the evidence is insufficient to prove that Mr. Marchetti knew that the

percentage based compensation he received for marketing and advertising services constituted

illegal remunerations. Thus, no reasonable juror could have found beyond a reasonable doubt that

Mr. Marchetti willfully violated the AKS.

## **CONCLUSION**

For each of these reasons (and those stated in the Motion for Judgment of Acquittal (Dkt.

No. 612)), this Honorable Court should grant Mr. Marchetti's Motion for Judgment of Acquittal

as to Count One in the Superseding Indictment.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Samuel J. Louis*
Samuel J. Louis
Texas Bar No. 12588040
1100 Louisiana St., Suite 4300
Houston, Texas 77002
(713) 821-7000 (Telephone)
(713) 821-7001 (Facsimile)
samuel.louis@hklaw.com

*/s/ Jim E. Lavine*
Jim E. Lavine
Texas Bar No. 12000300
Jim.lavine@zlzslaw.com
ZIMMERMANN LAVINE &
ZIMMERMANN, P.C.
770 South Post Oak Lane, Suite. 620
Houston, Texas 77056
(713) 552-0300 Telephone
(713) 552-0746 Facsimile

**ATTORNEYS FOR DEFENDANT
VINCENT MARCHETTI, JR.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 16, 2022, the foregoing has been served on counsel of record by Notice of Electronic filing via CM/ECF, in accordance with the Federal Rules of Criminal Procedure.

*/s/ Samuel J. Louis*
**SAMUEL J. LOUIS**